# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOFER BUENO JESUS,<br>Petitioner,<br><br>v.<br><br>J.L. JAMISON, et al.,<br>Respondents. | : : : : : : : : : | CIVIL ACTION<br><br>No. 26-cv-0256 |

## ORDER

**AND NOW**, this 21st day of January, 2026, upon consideration of Christopher Beuno Jesus' Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Letter Brief (ECF No. 6), it is hereby **ORDERED** that the Petition (ECF No.1) is **GRANTED** as follows:

1. Mr. Bueno Jesus is not subject to detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Mr. Bueno Jesus from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **12:00 p.m. ET on January 22, 2026**.

3. If the Government chooses to pursue re-detention of Mr. Bueno Jesus pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, where an Immigration Judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

4. If the Government chooses to pursue re-detention of Mr. Bueno Jesus pursuant to 8 U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of Mr. Bueno Jesus from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines that Mr. Bueno Jesus is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Mr. Bueno Jesus if

unforeseen or emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Mr. Bueno Jesus;

5.    The Clerk of Court shall mark this case **CLOSED**. [1]

**IT IS SO ORDERED**.

BY THE COURT:

*/s/ John Milton Younge*
**Judge John Milton Younge**

---

[1]    The recitation of facts contained in this paragraph is drawn from Mr. Bueno Jesus' Petition for Writ of Habeas Corpus, ECF No. 1 ("Pet. for Habeas Corpus"), and is not disputed in the Government's Letter Brief for the purposes of resolving this Petition. Mr. Bueno Jesus is a native of Dominican Republic. Pet. for Habeas Corpus ¶ 18. In 2022, Mr. Bueno Jesus entered the United States. *Id.* ¶ 19. Officials from Customs and Border Patrol ("CBP"), a sub-agency of DHS, admitted Mr. Bueno Jesus into the United States after he was paroled. *Id.* Mr. Bueno Jesus has submitted his I-589, Application for Asylum, with the Department of Homeland Security. *Id.* ¶ 20. He was issued a social security card and has a valid work permit from 6/17/2025 to 6/16/2030. *Id.* Mr. Bueno Jesus was issued a Notice to Appear charging him as removable from the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* ¶ 21. Mr. Bueno Jesus settled in Philadelphia, PA where he was living before his incarceration. *Id.* ¶ 22. On one occasion prior to his arrest, Mr. Bueno Jesus reported to the ICE office in Philadelphia, PA for a check-in without incident. *Id.* ¶ 23. On January 6, 2026, Mr. Bueno Jesus attended a check-in at the ICE office in Philadelphia, PA. *Id.* ¶ 24. Without prior warning, an ICE official took Mr. Bueno Jesus into custody. *Id.* Mr. Bueno Jesus was transported to FDC, Philadelphia, where he remains detained. *Id.*

Petitioner argues that his detention is a violation of the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, 8 U.S.C. § 1226(a), Bond Regulations, 8 C.F.R. §§ 236.1, 1236.1, 1003.19, and the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq*. The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than non-citizens who are already in the United States pending the outcome of immigration proceedings. The Government essentially incorporates by reference arguments it has made in other cases in this District: that the Court should deny the Petition because (1) this Court lacks jurisdiction to intervene in Petitioner's removal proceedings, (2) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) Petitioner's detention does not violate Constitutional due process requirements. ECF No. 6.

---

The Government acknowledges that the substantial weight of district court authority has rejected its arguments and that the primary purpose of the Government's arguments are to preserve them for a potential appeal. *Id.*; *see also Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that of 288 district court decisions from across the country to have addressed the Government's interpretation of the Immigration and Nationality Act, all but six have rejected the Government's position.)

The Court finds no reason to reiterate the reasoned analyses thoroughly and appropriately rejecting the Government's positions. *See e.g.*, *Demirel*, 2025 WL 3218243; *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025). The Third Circuit's opinion in *Khalil v. President, United States of Am.*, No. 25-2162, 2026 WL 111933 (3d Cir. Jan. 15, 2026), which was released last week, does not change the Court's conclusion. *See Kourouma v. Jamison, et al.*, No.26-0182-KSM (January 15, 2026) (finding that *Khalil* is distinguishable and does not prevent jurisdiction); *Restrepo v. Jamison*, No. 25-cv-6518 (January 20, 2026) (J. Leeson) (same). Mr. Bueno Jesus' is not subject to 8 U.S.C. § 1225(b)(2), and thus his detention without the opportunity for a bail hearing is unlawful.